IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Chapter 11 |
| | § | |
| SCHOLL FOREST INDUSTRIES, INC. | § | Case No. 09-35962 |
| and | § | |
| SCHOLL TRUSS & COMPONENT, INC., | § | Case No. 09-35963 |
| | § | |
| Debtors. | § | Joint Administration Requested |

### DEBTORS' EXPEDITED MOTION FOR USE OF CASH COLLATERAL

**CAUTION: AN EXPEDITED HEARING DATE IS SET IN THIS MATTER.** THIS MOTION SEEKS AN ORDER THAT MAY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE BANKRUPTCY COURT JUDGE:

Scholl Forest Industries, Inc. ("SFI") and Scholl Truss & Component, Inc. ("STCI," and collectively with SFI, the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases, hereby file this expedited motion for use of cash collateral (the "Motion"). In support of the Motion, the Debtors state as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. These matters concern the administration of these bankruptcy estates; accordingly, the matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. §§ 361 and 363 and FED. R. BANKR. P. Rules 2002, 4001 and 6004 (the "Bankruptcy Rules").

## INTRODUCTION

2. On August 14, 2009 (the "Petition Date") each of the Debtors filed its petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed, and no official committee has been requested.

## BACKGROUND

4. SFI is a multi-generational lumber business that came to Houston in the 1970's. The primary focus of the company is to provide building materials to home builders in the Houston area and apartment builders nationwide.

5. SFI started building trusses on location in 2004 and expanded the operation to a larger facility in 2007. A new company was formed called Scholl Truss & Component Company or STACC (nka STCI). STCI's customer base consisted of apartment builders in Texas and Louisiana and home builders in the Houston area.

6. SFI was a profitable business each year of its existence until 2008 when it posted its first ever loss. The loss in 2008 was attributable solely to the reduced demand for building products caused by the nationwide recession.

7. Despite the recent operating losses, SFI has never slow paid its vendors and until the chapter 11 filings was current on all accounts payable.

8. The Debtors began a banking relationship with Bank of America ("BoA") in 2001 and have never missed a principal or interest payment. The Debtors maintain six loan facilities with BoA. There are four term loans and two revolver loans. The two revolver loans terminated on June 30, 2009, and had a combined principal balance of $3,276,000 at August 14, 2009. The four term loans have maturity dates from November 2010 to 2013 and had a combined principal balance of $5,146,000 at July 31, 2009. Prior to the maturity of the two revolver loans, the Debtors had made all required payments demanded by the bank. In September 2008, BoA notified the Debtors that it wanted to terminate the loans with the Debtors, and instructed the Debtors to find a replacement lender. Although it was in the middle of the worst financial crisis to grip the country in decades, the Debtors began searching for a lender to replace BoA.

9. The Debtors have identified several potential new lenders to replace BoA and the search is ongoing.

10. Concurrently with the search for a replacement lender, the Debtors also have engaged in extensive negotiations with BoA in an effort to persuade BoA to continue to maintain its loan facilities with the Debtors. Those discussions began in the fall of 2008 and were on going until August 7, 2009. Without any advance warning or notice, on August 7, 2009, BoA delivered a notice to the Debtors that BoA had setoff the Debtors' deposit accounts at BoA and had applied such amounts to the outstanding indebtedness owed to BoA. The ongoing threat of

3

BoA taking possession of and/or foreclosing on the Debtors' property has forced the Debtors to seek chapter 11 protection so that they can reorganize their financial affairs.

**Cash Collateral**

11.     BoA claims or could claim an interest in the revenue associated with the Debtors' operations – that is, "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents."  The Debtors do not (and will not at this time) take a position regarding the validity, priority, and enforceability and/or extent of the claims and liens asserted by BoA, and reserve all rights with respect to such issues

### RELIEF REQUESTED AND BASIS THEREFORE

12.     By filing this Motion, the Debtors respectfully request permission from this Court to use Cash Collateral in which BoA asserts an interest from the Petition Date through, and including, a final hearing on this Motion (the "Interim Period"), and to provide BoA with adequate protection to the extent of any diminution in value of its interest in the Cash Collateral. The attached Budget identifies estimates by the Debtors of their ordinary and necessary expenses to be incurred and paid during the next thirty (30) days.  The Debtors expect to pay these ordinary and necessary operating expenses from cash on hand, including cash deposited in all bank accounts, and cash generated from operations.  Payment of these ordinary and necessary expenses is crucial to the ongoing success of the Debtors and to the maximization of value to the estates and the creditors thereof.

13.     The Debtors also respectfully request that this Court schedule that final hearing on a date that is no later than twenty-one (21) days after entry of an Interim Order approving this Motion.

14. Section 363(c) of the Bankruptcy Code provides that a debtor may use cash collateral if all interested entities consent or the court, after notice and a hearing, authorizes such use. 11 U.S.C. §363(c)(2). Section 363(e) of the Bankruptcy Code requires that the use of cash collateral be prohibited or conditioned as is necessary to provide *adequate protection* to persons that have an interest in cash collateral. 11 U.S.C. § 363(3) (emphasis added); *In re DeSardi,* 340 BR. 790, 797-98 (Bankr. S.D. Tex. 2006) ("Adequate protection is … grounded in the belief that secured creditors should not be deprived of the benefit of their bargain."). Read together, sections 363(c) and (e) of the Bankruptcy Code authorize a debtor to use the cash collateral of a secured creditor if such creditor's collateral is adequately protected. *See In re Harrington & Richardson, Inc.,* 48 B.R. 431, 433 (Bankr. D. Mass. 1985) (finding that the court may authorize the use of cash collateral upon a showing that those with an interest in the cash collateral are adequately protected); *In re Cert/led Corp.,* 51 BR. 768, 770 (Bankr. D. Haw. 1985) ("It is well established that a debtor is entitled to use cash collateral upon proof of adequate protection.").

15. Although the term "adequate protection" is not precisely defined in the Bankruptcy Code, section 361 sets forth three non-exclusive examples of what may constitute adequate protection: (1) periodic cash payments equivalent to decrease in value; (2) an additional or replacement lien on other property; or (3) other relief that provides the indubitable equivalent of an entity's interest in the property. *In re Timbers of Inwood Forest Associates, Ltd.,* 793 F.2d 1380, 1388 (5th Cir. 1986); *In re Curtis,* 9 B.R. 110, 111-12 (Bankr. E.D. Pa. 1981). "[T]he debtor-in-possession has the burden of proof on the issue of adequate protection." *In re Cafeteria Operators, L.P.,* 299 B.R. 400, 406 (Bankr. N.D. Tex. 2003).

16. The Debtors' real property, receivables and inventory have significant and stable value. Accordingly, the Debtors believe that BoA is adequately protected by its significant

5

equity cushion. To the extent, however, the Court believes that more adequate assurance should be provided to BoA, the Debtors are willing to provide such adequate assurance as the Court deems necessary, including but not limited to replacement liens in the Debtors' property acquired postpetition.

17. Additionally, BoA's interest is adequately protected because the Cash Collateral will be used to pay for the ordinary and necessary expenses of maintaining and operating the Debtors' business operations, thereby preserving the value of the business and protecting all interests of BoA (as well as the interests of other creditors) as set forth in the Budget. These expenditures will result in a stable and continuous stream of cash flow from the Debtors' revenues, thereby enhancing and preserving the value of the Debtors' operations and providing adequate protection to BoA. *See In re McCombs Properties VI, Ltd.,* 88 B.R. 261, 267 (Bankr. C.D. Cal. 1988) (finding that by committing cash collateral to pay operating expenses and to improve and maintain the property, the debtor has substantially eliminated the risk of diminution of the secured creditor's interest in the cash collateral). Last, if the Court does not authorize the use of Cash Collateral to meet the Debtors' ordinary and necessary expenses, the Debtors will be unable to pay their postpetition operating expenses. The Debtors would then face the real possibility of losing valuable resources and a shutdown of its operations.

18. For the foregoing reasons, the Debtors' use of the Cash Collateral will not adversely impact the secured positions of BoA. Accordingly, the Court should grant this Motion.

19. Bankruptcy Rule 4001(b) permits a court to approve the use of cash collateral during the 15-day period following the filing of a motion, "only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." FED. R. BANKR. P.

4001(b)(2).  Here, the Debtors require access to Cash Collateral to, among other things, pay necessary operating expenses.  If interim relief is not obtained, the Debtors' efforts to administer their estate for the benefit of all creditors and parties in interest will be immediately and irreparably jeopardized.  Accordingly, the Debtors request that, pending the final hearing on this Motion, the Court authorize the Debtors to immediately use the Cash Collateral in the amounts set forth in the Budget.

20. The Debtors also respectfully request that this Court schedule a final hearing authorizing use of Cash Collateral this is no later than twenty-one days after entry of an Interim Order approving the same.  The Debtors also respectfully request that they be authorized to serve a copy of the entered Interim Order, which fixes the time and date for the filing of objections thereto, by first-class mail only pursuant to the limited service list.  The Debtors request that this Court consider such notice of the Final Hearing to be sufficient notice under the Bankruptcy Rules.

21. The Debtors have been and continue to work with BoA to resolve issues related to the relief requested in this interim Motion and hope to have an agreed interim order at the time of the hearing on this Motion.

## **NOTICE**

22. No trustee or examiner has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (a) the United States Trustee; (b) counsel to the Debtors' prepetition lenders; (c) the twenty (20) largest unsecured creditors of the bankruptcy estate or members of any unsecured creditors' committee; (d) those persons who have formally appeared and requested notice in this case pursuant to Bankruptcy Rule 2002; and (e) the Internal Revenue Service, the Securities and Exchange Commission, and other governmental agencies required to

7

receive notice under the Bankruptcy Rules or Local Rules.  The Debtors submit that no other or further notice need be provided.

23. WHEREFORE, the Debtors pray that this Court enter an order granting the relief that requested herein and awarding the Debtors such other and further relief as the Court may deem just and proper.

Dated: August 18, 2009

Respectfully submitted,

By: /s/ David Zdunkewicz
David Zdunkewicz, Attorney-in-Charge
Tex. Bar No. 22253400 / S.D. Tex. No. 11596
Chasless Yancy
Tex. Bar No. 24033481 / S.D. Tex. No. 29931
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200, telephone
(713) 220-4285, facsimile
dzdunkewicz@andrewskurth.com
cyancy@andrewskurth.com

COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION

OF COUNSEL:

ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200, telephone
(713) 220-4285, facsimile

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing motion were served on the parties on the attached service list by first-class United States mail, postage prepaid, on this 18th day of August, 2009.  Service on known Filing Users will automatically be accomplished through Notice of Electronic Filing as contemplated by this Court's Administrative Procedures for Electronic Filing.

/s/ Chasless L. Yancy
Chasless L. Yancy, Esq.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Chapter 11 |
| | § | |
| SCHOLL FOREST INDUSTRIES, INC. | § | Case No. 09-35962 |
| and | § | |
| SCHOLL TRUSS & COMPONENT, INC., | § | Case No. 09-35963 |
| | § | |
| Debtors. | § | Joint Administration Requested |

## DEBTORS' COMBINED SERVICE LIST

**Debtors**
Scholl Forest Industries, Inc.
Scholl Truss & Component, Inc.
6800 Pine Vista Lane
Houston, Texas 77092

**Debtor's Counsel**
David A. Zdunkewicz, Esq.
Chasless L. Yancy, Esq.
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Facsimile:  (713) 220-4285
dzdunkewicz@andrewskurth.com
cyancy@andrewskurth.com

**U.S. Trustee**
Hector Duran, Esq.
Office of the United States Trustee
515 Rusk Avenue
Houston, Texas 77002

**Secured Creditors**
Eli Columbus, Esq.
Winstead P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Telephone:  (214) 745-5771
Facsimile:   (214) 745-5390
ecolumbus@winstead.com

*Counsel for Bank of America, N.A.*

HOU:2950055.1

**Governmental Entities**

Internal Revenue Service
Insolvency Group
1919 Smith Street, Stop 5022 HOU
Houston, TX 77002

Fort Worth Regional Office
Internal Revenue Service
Rose L. Romero, Regional Director
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102

Securities Exchange Commission
SEC Headquarters
100 F Street, NE
Washington, DC 20549

**Combined 20 Largest Unsecured Creditors**

Boise Cascade - Dallas
Dept 0640
P.O. Box 120001
Dallas, TX 75312

Temple-Inland
Dept. CH14227
Palatine, IL 60055

West Fraser (South), Inc.
P.O. Box 951646
Dallas, TX 75395

Hampton Lumber Sales Company
P.O. Box 535035
Atlanta, GA 30353

Viking Forest Products, LLC
P.O. Box 847245
Dallas, TX 75284

Weyerhaeuser
P.O. Box 843568
Dallas, TX 75284

Southern Lumber Company
P.O. Box 55541
Jackson, MS 39296

Advantage Logistics Solutions
10800 Northwest Freeway
Houston, TX 77092

Dixie Plywood Company - Houston
P.O. Box 930440
Atlanta, GA 31193

Louisiana Pacific Corporation
P.O. Box 951238
Dallas, TX 75395

Georgia-Pacific - Dallas
133 Peachtree Street
Atlanta, GA 30303

Martco Partnership
P.O. Box 971688
Dallas, TX 75397

Tomball Forest Ltd.
16801 FM 2920
Tomball, TX 77377

Wood Perfect
P.O. Box 840
Guin, AL 35563

Eastex Forest Products
P.O. Box 201738
Jefferson, TX 75657

United Steel Products Co., Inc.
P.O. Box 712531
Cincinnati, OH 45271

North Pacific Group
14461 Collections Center Drive
Chicago, IL 60693

Boozer Laminated Beam
Drawer 209
Birmingham, AL 35246

Huttig Building Products
36913 Treasury Center
Chicago, IL 60694

Mitek Industries
4399 Collections Center Drive
Chicago, IL 60693

Pacesetter Personnel Services
P.O. Box 684005
Houston, TX 77268-4005

Weyerhaeuser
Attn: Todd Green
P.O. Box 1060
Hot Springs National Park, AR 71902

Ferrellgas
P.O. Box 173940
Denver, CO 80217

Cintas
P.O. Box 40495
Houston, TX 77240

Republic Waste Services
P.O. Box 9001813
Louisville, KY 40290

Grainger Industrial
Dept 352-830551925
Palatine, IL 60038

American Business Machines
Dept. 594
P.O. Box 4346
Houston, TX 77210

CPI Office Products
3210 Bingle Road
Houston, TX 77055

Woodtone Building Material
P.O. Box 844
Sumas, WA 98295

Lifetime Technologies
17018 Theiss Mail Route
Spring, TX 77379

Broyles Forest Products
P.O. Box 532
Palestine, TX 75802

Reliant Energy
P.O. Box 650475
Dallas, TX 75265

Cedar Creek Lumber - Texas
P.O. Box 843709
Dallas, TX 75284-3709

Woodfuel.com
5900 Haynesworth
Houston, TX 77034

AT&T
P.O. Box 5011
Carol Stream, IL 60197-5011

Truss Plate Institute
218 North Lee Street, Suite 312
Alexandria, VA 22314

Luis Guzman-Maldonado
17050 Imperial Valley, #112
Houston, TX 77060

**Parties Requesting Notice**:

Eli O. Columbus
"Erik" Weiting Hsu
Winstead PC
1201 Elm Street, Suite 5400
Dallas, Texas 75270
Telephone:  (214) 745-5400
Facsimile:   (214) 745-5390
ecolumbus@winstead.com
whsu@winstead.com

Counsel for Bank of America, N.A.