IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Chapter 11 |
| | § | |
| SCHOLL FOREST INDUSTRIES, INC. | § | Case No. 09-35962 |
| and | § | |
| SCHOLL TRUSS & COMPONENT, INC., | § | Case No. 09-35963 |
| | § | |
| Debtors. | § | Jointly Administered Under |
| | § | Case No. 09--35962 |

**DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF PHOENIX MANAGEMENT SERVICES, INC.
*NUNC PRO TUNC*, AS DEBTORS' RESTRUCTURING AND FINANCIAL ADVISORS
PURSUANT TO SECTIONS 327(a), 328(a) AND 504 OF THE
BANKRUPTCY CODE AND FED. R. BANKR. P. 2014**

A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 28, 2009 AT 11:30 A.M. IN COURTROOM 400, 515 RUSK AVENUE, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING UNLESS YOU DID NOT RECEIVE THIS NOTICE IN TIME TO DO SO. IN THAT SITUATION, FILE YOUR RESPONSE AS SOON AS POSSIBLE. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST GIVE A COPY OF YOUR RESPONSE TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

TO THE HONORABLE WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE:

Scholl Forest Industries, Inc. ("SFI") and Scholl Truss & Component, Inc. ("STCI"), the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), file this Application for Order Authorizing the Employment and Retention of Phoenix Management Services, Inc., *Nunc Pro Tunc,* as the Debtors' Restructuring and Financial Advisors Pursuant to

HOU:2951893.2

Sections 327(a), 328(a) and 504 of the Bankruptcy Code and FED. R. BANKR. P. 2014 (the "Application"). In support of this Application, the Debtors respectfully represent as follows:

## I. BACKGROUND

1. On August 14, 2009 (the "Petition Date"), the Debtors commenced these cases by filing their voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). On August 24, 2009, the Court entered an order for the joint administration of the Debtors' cases [Docket No. 29]. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no statutory committees have been appointed or designated in these cases. No request has been made for the appointment of a trustee or examiner in these cases.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 327(a), 328(a) and 504 of the Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## II. RELIEF REQUESTED AND BASIS FOR RELIEF

4. The Debtors have employed Phoenix Management Services, Inc. ("Phoenix") as restructuring and financial advisors pursuant to 11 U.S.C. §§ 327(a) and 328(a) in connection with the administration of their chapter 11 cases. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors request that the Court approve the employment of Phoenix, as of the Petition Date, as their restructuring and financial advisors to perform a full range of advisory services that will be necessary during these chapter 11 cases at Phoenix's hourly rates in effect from time to

time and pursuant to Phoenix's normal policies for reimbursement of disbursements. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors can retain Phoenix pursuant to reasonable terms and conditions. The Debtors believe that the hourly rates and disbursement policies that Phoenix charges and implements on a daily basis in a competitive national market for advisory services are reasonable and appropriate, and the Debtors have agreed to retain and pay Phoenix according to those terms.

5. The Debtors have selected Phoenix as restructuring and financial advisors because of the company's substantial expertise and experience in bankruptcy matters. Accordingly, Phoenix has the necessary background to deal effectively with many of the potential financial issues and problems that may arise in the context of the Debtors' chapter 11 cases. The Debtors believe that Phoenix is both well-qualified and able to represent it in a most efficient and timely manner.

6. The Debtors believe that the employment of Phoenix as their restructuring and financial advisors is necessary and appropriate, and it is proposed that Phoenix be employed to perform services including, but not limited to, the following:

    a    conduct assessments of the Debtors' financial condition, strategic business plans, programs, markets and customer base, information systems and decision-making;

    b.    review all performance tracking reports and the related financial impact on operating cash flow and asset balances to assess the ongoing process of management's efforts and ability to stabilize and improve the financial condition of the Debtors and otherwise meet plans, goals and objectives;

    c.    assist with the preparation of the Debtor' bankruptcy schedules;

  d.  assist with the preparation of the cash collateral forecast;

  e.  maintain a cash collateral budget tracking process to monitor the Debtors' performance and provide periodic reporting to the Court and creditor constituencies;

  f.  be available as necessary to represent the Debtors in Court; provide testimony with regard to all financial-related matters;

  g.  provide guidance to the Debtors, as required, related to asset and collateral values;

  h.  assist the Debtors with the analysis and preparation of all prepetition claims, classes of claims and preferences;

  i.  assist the Debtors with the development of all supporting financial analysis to enable the preparation of a plan of reorganization;

  j.  provide communication and coordination with all other constituencies, as necessary and appropriate, with regard to the financial matters of the Debtors;

  k.  be available to the Debtors' management at all times to undertake a review and discussion of any and all matters related to the operation or performance of the Debtors and to provide guidance with regard to matters related to the chapter 11 proceedings; and

  l.  perform other duties as mutually agreed.

  7.  Pursuant to Bankruptcy Local Rule 2014(b)(1), the Debtors request that the postpetition employment of Phoenix be deemed contemporaneous with the commencement of Phoenix's provision of services, which began less than 30 days from the filing of this Application.

HOU:2951893.2

8. To the best of the Debtors' knowledge and belief, the managing directors, directors, vice presidents, analysts and associates of Phoenix do not currently perform financial and advisory services for any of their creditors or other parties to this proceeding, or their respective attorneys or accountants, in any matter which is adverse to the interests of the Debtors as debtors-in-possession.

9. To the best of the Debtors' knowledge and belief, Phoenix does not hold any interest adverse to the Debtors as debtors-in-possession or their estates in the matters upon which Phoenix is to be engaged herein.

10. Phoenix's compliance with the requirements of sections 327 and 504 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") is set forth in greater detail in the Statement and Declaration of Phoenix Management Services, Inc. and Affidavit of Lance P. Wimmer Pursuant to Bankruptcy Rules 2014 and 2016 and Bankruptcy Code Sections 327 and 504 (the "Phoenix Rule 2014 Statement") filed concurrently herewith and attached hereto as Exhibit "C."

11. Phoenix has substantial experience and expertise as financial advisors to companies contemplating filing or who are in bankruptcy, both nationally and locally, in cases like the present proceeding and is intimately familiar with the issues before the Debtors and the Court. Further, Phoenix has performed similar services in other chapter 11 cases. The retention and employment of Phoenix would be to the material benefit of the Debtors and is in the best interests of their estates because Phoenix is familiar with the management, structure and operations of the Debtors and has been working with the Debtors in an effort to resolve financial issues related to various creditor and debt restructuring problems.

12. Phoenix was originally employed by the Debtors on or about November 25, 2008 pursuant to the engagement letter attached hereto as Exhibit "A." The terms of Phoenix's employment were revised in contemplation of the Debtors' Chapter 11 filings as represented in the revised engagement letter dated August 13, 2009, attached hereto as Exhibit "B."

13. Within one year prior to the Petition Date, Phoenix received $293,176 in connection with its restructuring and financial advisory services. Phoenix has received and holds a retainer for services to be performed and reimbursement of related expenses in the amount of $60,000. Phoenix intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of the Court.

14. The Debtors propose to pay, subject to bankruptcy court approval, compensation to Phoenix based on the hourly rate for each professional who performs services for or on behalf of the Debtors as then established and in effect for such person at Phoenix. The hourly billing rates at Phoenix for financial advisory services range from $165 to $475. The professionals primarily responsible for this bankruptcy matter will be John Stuecheli, whose current hourly rate is $250, and Lance Wimmer, whose current hourly rate is $370. In addition to these enumerated professionals, Phoenix may utilize the skills of other individuals within the company on an as-needed basis. From time to time in the normal course of business Phoenix may adjust its hourly rates. The services will be charged at the rates that are in effect at the time the services are rendered.

15. The Debtors also understand that Phoenix is customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter, including

6

all identifiable expenses that would not have been incurred except for the provision of services of the particular client.

### III. NOTICE

16.     Notice of this Application has been provided to the United States Trustee for the Southern District of Texas as required by Bankruptcy Local Rule 9003 and the parties on the Debtors' Master Service List as of the date of this Application. In light of the nature of the relief requested, the Debtors submit that such notice is appropriate and that no other or further notice need be given.

17.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court approve the retention and employment of Phoenix Management Services, Inc., effective as of the Petition Date, as their restructuring and financial advisors, and for such other relief as may be just and proper.

Respectfully submitted this 31st day of August, 2009.

SCHOLL FOREST INDUSTRIES, L.P.,
Debtor and Debtor-in-Possession

By: _____
Ward Scholl, President


SCHOLL FOREST TRUSS & COMPONENT, INC.,
Debtor and Debtor and Debtor-in-Possession

By: _____
Ward Scholl, President

7

HOU:2951893.2

## **CERTIFICATE OF SERVICE**

  I hereby certify that true and correct copies of the foregoing Application were served on the following parties and the parties on the attached service list by first class United States mail, postage prepaid, on this 31st day of August, 2009. Service on known Filing Users will automatically be accomplished through Notice of Electronic Filing as contemplated by this Court's Administrative Procedures for Electronic Filing.

<div style="text-align:right">

/s/ Chasless Yancy
Chasless Yancy
600 Travis Street, Suite 4200
Houston, Texas 77002

</div>

**Office of the United States Trustee**
515 Rusk, Room 3516
Houston, Texas 77002

HOU:2951893.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Chapter 11 |
| | § | |
| SCHOLL FOREST INDUSTRIES, INC. | § | Case No. 09-35962 |
| And | § | |
| SCHOLL TRUSS & COMPONENT, INC., | § | Case No. 09-35963 |
| | § | |
| Debtors. | § | Joint Administration Requested |

### DEBTORS' COMBINED SERVICE LIST
Dated as of August 26, 2009

**Debtors**
Scholl Forest Industries, Inc.
Scholl Truss & Component, Inc.
6800 Pine Vista Lane
Houston, Texas 77092

**Debtor's Counsel**
David A. Zdunkewicz, Esq.
Chasless L. Yancy, Esq.
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Facsimile:  (713) 220-4285
dzdunkewicz@andrewskurth.com
cyancy@andrewskurth.com

**U.S. Trustee**
Hector Duran, Esq.
Office of the United States Trustee
515 Rusk Avenue
Houston, Texas 77002

**Secured Creditors**
Eli Columbus, Esq.
Winstead P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Telephone:  (214) 745-5771
Facsimile:  (214) 745-5390
ecolumbus@winstead.com

*Counsel for Bank of America, N.A.*

HOU:2950055.4


**Governmental Entities**

Internal Revenue Service
Insolvency Group
1919 Smith Street, Stop 5022 HOU
Houston, TX 77002

Securities Exchange Commission
SEC Headquarters
100 F Street, NE
Washington, DC 20549

Missouri Department of Revenue Bankruptcy Unit
Attn: Richard M. Maseles
P.O. Box 475
Jefferson City, MO 65105-0475

Fort Worth Regional Office
Internal Revenue Service
Rose L. Romero, Regional Director
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102

Comptroller of Public Accounts of the State of Texas
Kimberly Walsh
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

**Combined 20 Largest Unsecured Creditors**

Boise Cascade - Dallas
Dept 0640
P.O. Box 120001
Dallas, TX 75312

West Fraser (South), Inc.
P.O. Box 951646
Dallas, TX 75395

Viking Forest Products, LLC
P.O. Box 847245
Dallas, TX 75284

Southern Lumber Company
P.O. Box 55541
Jackson, MS 39296

Dixie Plywood Company - Houston
P.O. Box 930440
Atlanta, GA 31193

Georgia-Pacific - Dallas
133 Peachtree Street
Atlanta, GA 30303

Tomball Forest Ltd.
16801 FM 2920
Tomball, TX 77377

Temple-Inland
Dept. CH14227
Palatine, IL 60055

Hampton Lumber Sales Company
P.O. Box 535035
Atlanta, GA 30353

Weyerhaeuser
P.O. Box 843568
Dallas, TX 75284

Advantage Logistics Solutions
10800 Northwest Freeway
Houston, TX 77092

Louisiana-Pacific Corporation
Attn: Bruce J. Iddings
P.O. Box 4000-98
Hayden Lake, ID 83835-4000

Martco Partnership
P.O. Box 971688
Dallas, TX 75397

Wood Perfect
P.O. Box 840
Guin, AL 35563

Eastex Forest Products
P.O. Box 201738
Houston, TX 77216

North Pacific Group
14461 Collections Center Drive
Chicago, IL 60693

Huttig Building Products
36913 Treasury Center
Chicago, IL 60694

Mitek Industries
4399 Collections Center Drive
Chicago, IL 60693

Pacesetter Personnel Services
P.O. Box 684005
Houston, TX 77268-4005

Weyerhaeuser
Attn: Todd Green
P.O. Box 1060
Hot Springs National Park, AR 71902

Ferrellgas
P.O. Box 173940
Denver, CO 80217

Cintas
P.O. Box 40495
Houston, TX 77240

Republic Waste Services
P.O. Box 9001813
Louisville, KY 40290

Grainger Industrial
Dept 352-830551925
Palatine, IL 60038

American Business Machines
Dept. 594
P.O. Box 4346
Houston, TX 77210

CPI Office Products
3210 Bingle Road
Houston, TX 77055

United Steel Products Co., Inc.
P.O. Box 712531
Cincinnati, OH 45271

Boozer Laminated Beam
Drawer 209
Birmingham, AL 35246

Woodtone Building Material
P.O. Box 844
Sumas, WA 98295

Lifetime Technologies
17018 Theiss Mail Route
Spring, TX 77379

Broyles Forest Products
P.O. Box 532
Palestine, TX 75802

Reliant Energy
P.O. Box 650475
Dallas, TX 75265

Cedar Creek Lumber - Texas
P.O. Box 843709
Dallas, TX 75284-3709

Woodfuel.com
5900 Haynesworth
Houston, TX 77034

AT&T
P.O. Box 5011
Carol Stream, IL 60197-5011

Truss Plate Institute
218 North Lee Street, Suite 312
Alexandria, VA 22314

Luis Guzman-Maldonado
17050 Imperial Valley, #112
Houston, TX 77060

**Parties Requesting Notice**:

Eli O. Columbus
"Erik" Weiting Hsu
Winstead PC
1201 Elm Street, Suite 5400
Dallas, TX 75270
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
ecolumbus@winstead.com
whsu@winstead.com

Counsel for Bank of America, N.A.

David G. Aelvoet
Linebarger Goggan Blair & Sampson, LLP
711 Navarro, Suite 300
San Antonio, TX 78205
Telephone: (210) 225-6763
Facsimile: (210) 225-6410
sanantonio.bankruptcy@publicans.com

Counsel for City of El Paso

Thomas S. Brandon, Jr.
Whitaker, Chalk, Swindle & Sawyer, L.L.P.
3500 City Center Tower II
301 Commerce Street
Ft. Worth, TX 76102
Telephone: (817) 878-0532

Counsel for Advantage Logistics Solutions, LLC

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Chapter 11 |
| | § | |
| SCHOLL FOREST INDUSTRIES, INC. | § | Case No. 09-35962 |
| and | § | |
| SCHOLL TRUSS & COMPONENT, INC., | § | Case No. 09-35963 |
| | § | |
| Debtors. | § | Jointly Administered Under Case No. 09-35962 |

**STATEMENT OF PHOENIX MANAGEMENT SERVICES, INC. AND AFFIDAVIT OF LANCE P. WIMMER PURSUANT TO FED. R. BANKR. P. 2014 & 2016, BANKRUPTCY LOCAL RULES 2014 AND 2016, AND 11 U.S.C. §§ 327 & 504**

Lance P. Wimmer declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Director with Phoenix Management Services, Inc. ("Phoenix" or the "Company"), proposed restructuring and financial advisors for Scholl Forest Industries, Inc. ("SFI") and Scholl Truss & Component, Inc. ("STCI"), the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and present this Declaration to respectfully represent to the best of my knowledge that Phoenix represents no interest adverse to the Debtors or their estates in the matters upon which Phoenix may be engaged by the Debtors, and that the employment of Phoenix would be in the best interests of the Debtors and their estates.

2. Pursuant to FED. R. BANKR. P. 2014, Phoenix will provide the Court with any supplemental information regarding Phoenix's connections with the Debtors as that information becomes available.

HOU:2951893.2

3.  In order to determine and assess all connections with the various parties herein, I have supervised a search and review of the Company's records concerning known contacts with the following: (a) the Debtors, (b) the officers and directors of the Debtors, (c) affiliates of the Debtors, (d) the Debtors' purported secured lender, (e) the twenty (20) largest unsecured creditors of each of the Debtors, (f) the parties listed on the Debtors' schedules, including the counterparties to the Debtors' executory contracts and unexpired leases, (g) known involved counsel, and (h) the Office of the United States Trustee.

4.  As far as I have been able to ascertain after due diligence, neither I, Phoenix, nor any managing director, director, vice president, analyst or associate thereof (i) holds or represents any disqualifying interest adverse to the Debtors or fails to be a disinterested person so as to render Phoenix ineligible to serve as restructuring and financial advisors for the Debtors under sections 327 or 328 of the Bankruptcy Code or (ii) presently has any connection with the Debtors, their creditors, members or any party in interest herein, or with the respective attorneys of the foregoing, or with the United States Trustee or any person employed in the office of the United States Trustee (collectively, the "Parties in Interest"), except as set forth herein.

5.  I, Phoenix, or its managing directors, directors, vice presidents, analysts or associates (i) may appear in the future in cases under the Bankruptcy Code, or otherwise, in which one or more of the Parties in Interest may be involved, and (ii) may provide services to certain Parties in Interest in matters unrelated to this case. Phoenix's known connections at this time to Parties in Interest are as follows:

   a.  <u>The Debtors</u>: Phoenix represented the Debtors prior to the Petition Date in matters related to their business operations and preparation for the bankruptcy filings. Phoenix is not owed any money by the debtors on account of prepetition services.

b.  <u>Creditors on the Debtors' Schedules Including Contract or Lease Counterparties</u>:  Phoenix has no known connections with the creditors on the Debtors' Schedules.  To the extent that Phoenix provides services for any Parties in Interest identified on the Debtors' schedules during the pendency of this case or discovers any connections, Phoenix will amend this Affidavit accordingly.

c.  <u>Office of the United States Trustee</u>:  Phoenix has no known connections with the Office of the United States Trustee or its attorneys.

6.  Phoenix has no agreement with any entity to share with such entity any compensation received by Phoenix in this engagement, except to the extent such compensation may be shared among members of Phoenix.

7.  Neither I, Phoenix, nor any managing director, director, vice president, analyst or associate thereof, insofar as I have been able to ascertain, represents any interest materially adverse to the Debtors or their estates on the matters upon which Phoenix is to be employed.  I believe that Phoenix is a "disinterested person" as that term is defined in 101(14) of the Bankruptcy Code.

8.  No promises have been received by Phoenix or by its managing directors, directors, vice presidents, analysts or associates as to compensation in connection with this case, other than in accordance with the provisions of the Bankruptcy Code.  To the extent this circumstance may change, supplemental disclosure will be filed.  In addition, of course, all of Phoenix fees and expenses will be subject to Bankruptcy Court approval.

9.  The professionals at Phoenix who will be working on this engagement are familiar with the Bankruptcy Rules for this District, and shall comply therewith.

3

Executed this 28 day of August, 2009.

_____
Lance P. Wimmer
Director, Phoenix Management Services, Inc.

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this 28 day of August, 2009.

_____
Notary Public in and for the State of New Jersey

ESTHER M LIBENSCHEK
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPTEMBER

4

HOU:2951893.2